Good morning. Good morning, Your Honors. Peter Lawson from Missoula, Montana, representing Johnny Lee Foston, the petitioner in this case. Your Honors, this is a Sixth Amendment case. There are two arguments supporting my request that you reverse Judge Malloy and grant Mr. Foston's petition for habeas corpus. The first argument is the Crawford issue, and essentially at Foston's trial, the State was allowed to introduce hearsay in a summary format from a confidential informant. But was it really? My understanding is that what happened was the officer was asked to testify, basically, what was the nature of what you heard him to comport with being a drug deal. But there was no attempt to say, he said, he said, specifically that sort of thing. Why is this hearsay? Your Honor, that's the, I think the main difference between the State and I is certainly the definition of hearsay. And I would posit that that argument that just because the CI's exact words were not introduced into evidence in quotation marks, if you will, is not dispositive of the issue. What was it that, I mean, what was this introduced to do? I mean, it was proof of what that you feel would bring it into the hearsay category? Sure. The CI, I'm sorry, Newell's testimony that the conversations between Mr. Foston and the CI were consistent with the drug deal, I think certainly lets the jury infer a few things. And that's really the test for whether it's hearsay under the law. And it could let the jury infer, A, that Foston knew drugs were actually involved in this transaction, that he knew that was what was in the package. Judge Malloy held that that was the only evidence in the record showing that Foston knew drugs were involved in this transaction. So that statement, consistent with the drug deal, necessarily implies that. Do you have any other case law that has similar facts that would verify your position or help buttress your position? I think the closest to it is the Ocampo decision, the recent one that we discussed. And I know the facts are a bit different in that in Ocampo, the hearsay at issue was from a gentleman named Vela. And Vela had been interviewed by the cops and actually gave the statement to the police officers. And so in Ocampo, the testimony was introduced to show that Ocampo was at the crime scene. It was introduced to show he was there when the murder happened. It was, again, introduced in a summary form. And the Ninth Circuit specifically addressed this. And at their oral argument, it came up whether, because the precise statements of that, of Vela, weren't introduced, was it hearsay or not. And in Ocampo, the court clearly said that it could be hearsay if the jury could infer the substance of the out-of-court statement. Let me ask you and test the limits of this position. Let's assume this was a murder case and the detective said, I listened in to the conversation and they were shouting at each other. They were angry. Hearsay? No, not in that case, Your Honor. So what makes this one different? I think the main difference, Your Honor, and it dovetails a bit with the second prong of whether it's testimonial or not, is that the C.I. was essentially an arm of the State at that point. And so that C.I. would have known that anything they say in that conversation would be used later prosecutorially. And so I think you've got to look at both those factors and maybe blend the question of whether it's testimonial and whether it's hearsay. Well, but certainly it doesn't qualify as testimonial hearsay because somebody says it to a confidential informant on the street. What makes it testimonial hearsay here is, in your view, I take it, is that Newell repeated it. Right? What makes it? I mean, it's Newell's characterization of the conversation that you think is hearsay, not what your client said to the confidential informant because that was never repeated. Well, what my client said wouldn't be hearsay in any event. It would just be the C.I.'s terms or the C.I.'s words that would be hearsay. So then we've only got half of the conversation we're concentrating on because Newell was entitled to, I take it, say what your client said. I would think that would be admission by a party opponent, I guess. And so now what we have is his characterization of the part of the conversation that only the confidential informant was involved in? That's right. And I think what the court could really look at to determine if it's hearsay in this context is the C.I.'s there. The C.I. is recruited by the state, directed by the state. And at the end of the day, she's even protected by the state, which we'll get into in a bit. But there would be no question the C.I. knew her statements would be used later. Whatever she said in that recorded, monitored conversation would be used prosecutorily. Well, let's come back to Judge Smith's question. This is here on habeas. Yes, Your Honor. So we need to determine that the Montana court acted unreasonably. What Supreme Court case other than Crawford establishes that they acted unreasonably? That the Montana Supreme Court acted unreasonably in applying this to? Yeah, in applying Crawford to the sixth amendment to the Baxter's case. In other words, is this testimonial? And is there a Supreme Court case that says it is? I think that Idaho – whether it's testimonial or not is controlled by Crawford. Whether it's hearsay or not is subject to the confrontation. Crawford's not exactly right on point, is it? It's not. I don't need to be – in my view, to get habeas relief, I don't need to be on all four squares with some prior Supreme Court case. In Idaho v. Wright, the court did hold that descriptions of, again, out-of-court testimony repeated in court can violate the confrontation clause. And that's what Ocampo relied on to find, unchanged by Crawford later on, that that type of testimony, even though the exact words aren't repeated, is still subject to the confrontation clause. So I would posit Idaho v. Wright. Our problem, counsel, and the Supreme Court has reminded our circuit of this rather frequently, is that when AEDPA's involved, we have to give great deference to the state courts. And it's only when there are cases that are pretty clearly directly on point and they haven't followed them that we can say, okay, state court, you didn't do right here. And what I'm struggling with in this, I appreciate your position and the quality of your argument, but I have a two-step problem. Number one, is this hearsay? If it is hearsay, then is it testimonial? And I'm not finding a Supreme Court case that I find it to be sufficiently on point to get you around AEDPA. Can you help me with that? Well, I can help you. And my suggestion as the brief is that this court does not have to give deference to the Montana Supreme Court. I think I can rebut the presumption that the Montana Supreme Court ever considered Faustin's confrontation clause claim on the merits. And if there's been no merits-based adjudication, the court can look at that anew. And the Montana Supreme Court didn't really ever grapple with the confrontation clause here. It didn't mention Crawford. It didn't even mention the Sixth Amendment. It cited one Ninth Circuit case in its analysis in a string site, a U.S. versus Freeman case. So if you raise it to the Montana Supreme Court and they don't deal with it, what's the impact of that under AEDPA? We presume exhaustion, right, because you raised it. Why don't we presume that they dealt with it on the merits? Well, I think that I can rebut that presumption by showing under Johnson v. Williams this new case that the court never really considered it. And there's a line in there that the court in Johnson used that if federal law is somewhat talked about, if it's discussed briefly in a string site, that is something that a habeas petitioner could rebut, and in front of the Ninth Circuit or whatever federal court, habeas court, get it looked at de novo. And so in other words, but I guess cutting back to it, I don't want to spend too much time on it, because at the end of the day, Ocampo, same facts. I mean, they found there was testimonial hearsay there, but they also found that was another reason. That's us. That's not the Supreme Court. And as you know, under AEDPA, that's the key. That's the standard. Let's go back to Ocampo. Wasn't the testimonial hearsay there different? In other words, it was really the substance of the statements that were summarized by the in-court testimony, not the nature of the conversation. Does that make a difference? I don't think so. Anyway, the rule from Ocampo, which it took from Idaho v. Wright, the United States Supreme Court case, is that if the jury can infer the substance of that out-of-court statement, then it's hearsay, or at least subject to the Confrontation Clause. And that's, you know, Newell's testimony here, consistent with the drug deal, brings up a whole lot of things that the jury could infer that incriminate Mr. Faust. Now, that testimony really supported the state's theory of criminality as to Mr. Faust. The question of whether it's testimonial or not, I can't point you to any Supreme Court case saying that a testimony of a government-directed, recruited, confidential informant is testimonial. That case hasn't been there yet. But Crawford itself held that a statement a declarant makes that he reasonably expects could be used later in a prosecutorial context is testimonial. Here there's evidence that the CI, like I said, was monitored, directed, met with the state time and time again. I don't think there's any problem defying it's testimonial. Has the Supreme Court ever held that statements made during the commission of the crime are testimonial? I don't know that, Your Honor. I'm not aware of any. Nor am I. They all seem to deal with past events, things that were like the lab report. Yeah, well, in some of the later cases that came after Mr. Faust's case was decided with Hammond v. Indiana and those ones, if you're talking about 911 calls, things like that, they said if it's to alert someone to an ongoing danger, then those types of things aren't testimonial. But where the difference is and where this case is more aligned with Crawford itself is that the statements the CI made were going to be used later at trial. She would have known that. But let's try this again because I'm interested in whether these are testimonial. Let's assume that the officer's testimony was as follows. We sent in the CI. I listened to the conversation. It sounded like a drug deal to me, so I arrested Mr. Faust. Testimonial? In my view, yes, Your Honor. And I know the state would come in and argue, well, that's just, you know, that statement's introduced to show why we arrested Mr. Faust. To me, that's just an end run around the confrontation clause. When Crawford came down, the whole point of it was that the old Ohio v. Roberts way of dealing with the confrontation problem through Right, through the hearsay exceptions. Yeah, we put aside whether it meets a hearsay exception. That's a separate issue. It is. And so I think Crawford just reiterated and really put a stamp on the confrontation clause that you can't get around it easily any longer. There's really only two exceptions articulated in Crawford, and that's if I had a prior chance to cross-examine or if the declarant was unavailable. None of those were in play here, so none of the Crawford exceptions apply. I guess moving on to the second argument, it was one that we discussed in the supplemental briefing, and that is the question of the Rivario issue. And in Rivario v. United States, the court there held that it violated or later the Supreme Court essentially constitutionalized the argument that if a confidential informant is the only person present when a defendant is involved in a drug transaction, that the failure to disclose that is of constitutional dimensions. Was that an issue that was exhausted in the Montana Supreme Court? Your Honor, it was not brought up in the Montana Supreme Court. Mr. Daley, the trial counsel ---- And I understand we asked you to address it, so I'm not ---- No, understood. Mr. Daley did raise it twice at the trial court level. He brought it up before the trial, and he brought it up again when the government brought two new counts. So it certainly was raised at the trial court level. Putting aside the issue of whether the fact that we asked you to address it here, can we address it on habeas if it wasn't exhausted in the Montana Supreme Court? I believe you can, Your Honor, and that's because the Rivario discussion is still based on the Sixth Amendment. And so I've raised a Sixth Amendment claim. A Sixth Amendment claim has been raised all along. I see the Rivario component just being a different argument supporting a Sixth Amendment claim. Is it not procedurally defaulted under those circumstances, though? I don't believe so, Your Honor. There was some ---- a recent Edpa case that the Ninth Circuit discussed held the same, essentially used that same ---- Which case are you referring to? It's Thompson v. Reynolds, Your Honor. Wasn't that sent back by the Supreme Court in light of another case? That case went exactly right. It came back on the Missouri v. Cyber Miranda questions. But at the same time, the government tried to avail itself of an argument that hadn't been made earlier. And, in fact, the defendant, the petitioner, had argued had been waived. But this Court, relying on Supreme Court precedent, held exactly that. Let me ask you another technical question. Is that issue within the Certificate of Appealability in this case, which seems to be specifically addressed to Crawford? It does. I think Judge Molloy, though, had a bigger problem with, like he said, a broader reading of the Crawford principle and Crawford rule could present problems under the Rivario line of decision. So I believe it could be read as being ---- Do you want to keep any of your time? I would like to reserve the rest, Your Honor. Thank you. Well, why don't you do that. Let's hear from the government. May it please the Court and opposing counsel, Assistant Attorney General for the State of Montana, Mark Fowler, asking you to uphold Donald Molloy's denial of habeas corpus relief in this matter. Turning to the last argument made about Rivario, that claim is multiply barred for five reasons, real quickly. One, it was not pled in the opening brief, with all due respect to my opposing counsel, before this Court. It was a matter simply that was asked upon supplemental briefing. It was only clearly raised in his reply brief. Secondly, it was not a matter of the law of the case. It was not a matter for which Judge Molloy, although in talking about a certificate of appealability, did not on the merits of the case deal with the issue because it wasn't raised in the habeas petition. Habeas petitions under 2254 are not notice pleadings like other civil complaints. You have to be very specific on the claim. If Mr. Lafney is correct that any Sixth Amendment argument can be brought upon Ninth Circuit, then certainly he can entertain an effective assistance of counsel claim now because that's also a clause within the Sixth Amendment. The Rivario claim is not a part of this proceeding at all, in the least. Additionally, it is procedurally defaulted, and there's no case I know that would excuse anyone from a procedurally defaulted claim from being heard by this Court except for showing of cause prejudice or miscarriage of justice. So let's go back to the Crawford claim. And let me tell you what bothers me about it. The only real witness to the crime, there's plenty of evidence of the crime to be sure, but the only real witness to the crime is the confidential informant. And the detective tells the jury, I listened to this conversation and it sounded like a drug deal to me. Judge Molloy says, I'm not sure Judge Molloy is right on this, that's the only evidence of knowledge that these were drugs. So why shouldn't under those circumstances the government be required or the State be required to produce the confidential informant? Because, Your Honor, Crawford, or specifically the Sixth Amendment issue in Crawford, it's not the ability or right of any appellant or rather defendant to cross-examine any person that they want, they think is helpful to their case. It only comes into play, Your Honor, when the State proposes a statement. But isn't this in effect a statement? Wasn't Detective Newell essentially saying somebody in this conversation said this was a drug deal? No, Your Honor. Said the words that lead me to conclude that it was a drug deal. No, Your Honor. No more than some lay person in the hallway is seeing the well-dressed people in this audience and seeing myself discuss matters with you without saying specifically what is said may entertain the characterization that what's going on here is consistent with an appellant argument. It is a fair characterization of what Officer Newell was looking at firsthand. He was witnessing the event as it occurred. He witnessed the exchange of money. It was two or three minutes in this hotel room that it occurred. The jury is already knowing that this is consistent with a drug deal because Officer Newell presented evidence beforehand, which was not contested, that he causes C.I. to call Faustin to order two ounces of drugs. So, and there is a plethora of other evidence. That may be a harmless error issue, which is a separate one. I'm trying to figure out why the testimony by Detective Newell about what these people said to each other, in effect, what they said to each other led me to the conclusion that this was a drug deal or consistent with a drug deal. Why isn't that testimonial hearsay? Your Honor, for all the indicia of what hearsay is comprised of, none of the elements of hearsay are present here. You have an assertive conduct. You have an assertive declaration, implied or otherwise, from whom, as Judge Lynch, in making his findings correct, is saying it could have said anything that he said. You can infer anything and nothing at all. You know, the confidential informant, who is sitting there perhaps on a bed, taking direction from Faustin, at least the circumstantial evidence shows, he is giving directions on what to do in these chain of events. The C.I. can say, sure, yeah. That is not itself something that is clearly indicated by the characterization by Officer Newell. We don't get to whether or not it's testimonial, because in every post-Crawford case, you're only dealing with a statement first. Then you determine whether or not it's testimonial. There is no clearly established law established by the United States Supreme Court of what is testimonial in any fixed way. There are three suggestions in Crawford. None of them apply here. But there is no pardon. So I gather from what you first said that you want us to focus primarily on the fact that this simply isn't hearsay. We never get to the testimonial nature of this at all. Is that correct? Correct, Your Honor. None of the Montana Supreme Court got it right in not discussing it fully. There is no need to discuss the Crawford issue, because you need to have the predicate one is a statement. So is this a, as the Montana Supreme Court, because remember what happened here was the Montana Supreme Court said, well, you may not have gotten it right at the trial level, but you get it right here, or the district court, I'm sorry. This is an opinion in your view, and he's entitled to base it on things not in evidence. Is that how it comes in? Montana rule 701, lay opinion. And therefore, and he's entitled to base a lay opinion on matters not in evidence. No, it has to be what he actually perceived. No, I understand, but he doesn't, but the bases for his opinion don't have to be introduced, correct? It doesn't have to be introduced formally, or even necessarily would be admissible if attempted to be introduced. And that's a viewpoint condoned under Crawford, under several district court and other circuit cases, but there is no clearly established law in the U.S. Supreme Court that would cause a fair-minded jurist to look at that violent constitutional principle in this case. We do have the cases from the Supreme Court where we have experts saying, somebody else told me it was DNA, and I'm just repeating what somebody else told me, and the Supreme Court said that's testimonial hearsay. If Your Honor is referring to Williams v. Illinois from 2012, Justice Alito in that case is very instructive in this case, said that there's no Crawford violation in that instance. Well, but that's because the person in that case had been part of the chain of testing. In other words, I think the Supreme Court has said you just can't bring in somebody to say there was a test in the lab, I had nothing to do with it, the people told me it was this guy's DNA, and therefore I'm testifying it was this guy's DNA. But to look in there perhaps, and Justice Alito is stating that the foundational basis for this opinion, in this case it was the Rule 701 State Evidentiary Rule. Justice Alito is clearly stating that it's not the duty of a court in determining whether it was Crawford error to judge whether or not the evidentiary basis that is good and valid. Right. That's an evidence issue, not a Confrontation Clause issue. And the evidentiary issue here was different from what the trial court found. The Montana Supreme Court got it correctly overall when considering here the variation of the only issue before this Court is whether or not Mr. Faustin's rightful have violated under the Sixth Amendment as pled at the Crawford issue. The other issues are not before this Court. I can address them if you would like to, Your Honor. However, those are also meritless. I don't think you have another question. Thank you, Your Honors. Thank you very much. You have about a minute for rebuttal, counsel. And, Your Honor, I'll use that just to reiterate this idea that came up in Mr. Fowler's rebuttal, just that the term statement for the hearsay definition, I don't need to show, and I think the case law is clear, it doesn't need to be a statement in quotation marks. So long as the jury can infer the substance of what the out-of-court declarant said from the testimony of the in-court witness, that satisfies the definition of hearsay. But you've got a two-step problem. You've got whether it's hearsay, and then you've got the problem of the case right on point for AEDPA, right? Well, I think Crawford says any statements, and it does say any statements uttered that are going to be used prosecutorially. You're relying entirely on Crawford. You want us to find that's your case, right? It is, Your Honor. Okay. If nothing else, I have nothing further. Okay. Thank you both for a good argument. Appreciate it very much. The case disargued is submitted.
judges: Alarcon, Smith, Hurwitz